# EXHIBIT A

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/05/2026
CT Log Number 551300977

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in California**

**FOR:**   WALMART INC.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AREVALO CIELO, an individual // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet(s), Attachment(s), Complaint(s), Notice(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 26STCV03497 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/22/2025 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/05/2026 at 15:21 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Christopher Berberian<br>Berberian Law Group, PC<br>3500 West Olive Avenue, Suite 300<br>Burbank, CA 91505<br>818-474-4828 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/06/2026, Expected Purge Date: 02/16/2026<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

**CT Corporation**
**Service of Process Notification**
02/05/2026
CT Log Number 551300977

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**            Thu, Feb 5, 2026
**Server Name:**     Jimmy Lizama

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 26STCV03497 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

WALMART INC., a Delaware Corporation; CHRISTOPHER CRUZ, an individual; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

CIELO AREVALO, an individual

<table><tr><td>*FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by Superior Court of California, County of Los Angeles 2/03/2026 2:23 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk**</td></tr></table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill St., Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):*
**26STCV03497**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher Berberian; 3500 West Olive Avenue, Suite 300, Burbank CA 91505; (818) 474-4828

DATE: *(Fecha)* February 3, 2026    Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy *(Secretario)* S. Ruiz *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of (specify): WALMART INC., a Delaware Corporation
    under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Berberian SB#346973<br>Berberian Law Group, PC<br>3500 West Olive Avenue, Suite 300<br>Burbank CA, 91505<br>TELEPHONE NO.: 818-474-4828   FAX NO. *(Optional):* 818-474-7146<br>E-MAIL ADDRESS: Chris@berberianlawgroup.com<br>ATTORNEY FOR *(Name):* PLAINTIFF CIELO AREVALO | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>2/03/2026 2:23 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Ruiz, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS: 111 N. HILL ST.
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:  CIELO AREVALO v. WALMART INC., et al.

| CIVIL CASE COVER SHEET<br>× Unlimited     Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>Counter      Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>26STCV03497<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
  Auto (22)
  Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
  Product liability (24)
  Medical malpractice (45)
  Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
  Business tort/unfair business practice (07)
  Civil rights (08)
  Defamation (13)
  Fraud (16)
  Intellectual property (19)
  Professional negligence (25)
  Other non-PI/PD/WD tort (35)

**Employment**
  Wrongful termination (36)
  × Other employment (15)

**Contract**
  Breach of contract/warranty (06)
  Rule 3.740 collections (09)
  Other collections (09)
  Insurance coverage (18)
  Other contract (37)

**Real Property**
  Eminent domain/Inverse condemnation (14)
  Wrongful eviction (33)
  Other real property (26)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38)

**Judicial Review**
  Asset forfeiture (05)
  Petition re: arbitration award (11)
  Writ of mandate (02)
  Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
  Antitrust/Trade regulation (03)
  Construction defect (10)
  Mass tort (40)
  Securities litigation (28)
  Environmental/Toxic tort (30)
  Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
  Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
  RICO (27)
  Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
  Partnership and corporate governance (21)
  Other petition *(not specified above)* (43)

2. This case    is    × is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.    Large number of separately represented parties     d.    Large number of witnesses
   b.    Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e.    Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c.    Substantial amount of documentary evidence     f.    Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):*   a. × monetary  b.    nonmonetary; declaratory or injunctive relief   c. × punitive
4. Number of causes of action *(specify):*   9
5. This case    is    × is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 3, 2026
Christopher Berberian
_____
(TYPE OR PRINT NAME)            ►            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

| SHORT TITLE: AREVALO v. WALMART INC., et al. | CASE NUMBER 26STCV03497 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✔ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 10-14    ☐ HOURS/ ✔ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: AREVALO v. WALMART INC., et al. | CASE NUMBER |
|---|---|

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |

**Employment**

| A | B | C |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., ②., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |

**Contract**

| A | B | C |
|---|---|---|
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| A | B | C |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| A | B | C |
|---|---|---|
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| A | B | C |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: AREVALO v. WALMART INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br><br>2.<br><br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>AREVALO v. WALMART INC., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>14530 Nordhoff Street |
|---|---|
| CITY:<br>Panorama City | STATE:<br>CA | ZIP CODE:<br>91402 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 3, 2026

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/03/2026 2:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

**BERBERIAN LAW GROUP, PC**
Christopher Berberian SB# 346973
 E-Mail: Chris@Berberianlawgroup.com
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Tel: (818) 474-4828
Fax: (818) 474-7146

Attorney for Plaintiff,
Cielo Arevalo

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CIELO AREVALO, an individual; | Case No.: 26STCV03497 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (1) DISABILITY DISCRIMINATION |
| WALMART INC., a Delaware Corporation; CHRISTOPHER CRUZ, an individual; and DOES 1 through 100, inclusive; | (2) HOSTILE WORK ENVIRONMENT HARASSMENT (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| Defendants. | (4) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA (5) FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION (6) RETALIATION IN VIOLATION OF THE FEHA (7) FAILURE TO PAY DUE COMPENSATION UPON SEPARATION (8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff CIELO AREVALO (hereinafter "AREVALO" or "Plaintiff") for her Complaint against Defendants WALMART INC., a Delaware Corporation (hereinafter "WALMART" or

- 1 -
COMPLAINT FOR DAMAGES

"Defendant"); CHRISTOPHER CRUZ, an individual, (hereinafter "CRUZ"); and DOES 1 through 100 (collectively "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff AREVALO is an individual residing in the State of California. At all times herein mentioned, Plaintiff AREVALO was an employee of Defendant WALMART, working from the 14530 Nordhoff Street, Panorama City, CA 91402 location.

2. On information and belief, Defendant WALMART is a Delaware corporation organized and existing under the laws of the State of Delaware.

3. On information and belief, Defendant CRUZ is an individual residing in the State of California, and was one of Plaintiff's supervisors and the WALMART store manager of the location Plaintiff worked at all times herein mentioned.

4. Plaintiff is unaware of the names and capacities of Defendant sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants designated herein as "DOE" are responsible in some manner for the occurrences alleged and that these Defendants proximately caused Plaintiff's damages.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the alter ego, joint venturer, co-employer, joint employer, agent, and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. Defendant WALMART is vicariously liable and strictly liable for the acts and/or omissions of any owner, supervisor, or manager, which were committed within the course and scope of his or her employment.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold the individual defendant liable for the acts of his or her alter ego. The individual defendant held and now holds substantial interest in the corporate defendants and should therefore be deemed to be corporate defendants' alter ego. The corporate defendants were, and now still are, mere shells and naked frameworks which the individual defendant used, and now uses, as a conduit for the conduct of

his or her personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of the individual defendant.

7. Plaintiff is informed and believes and thereon alleges that each Defendant and its agents, employees, and/or representatives as may be identified hereinafter and in the discovery phase of this case, knowingly and purposefully conspired to, and agreed between themselves, to the acts herein alleged. Each Defendant also conspired, aided, encouraged, ratified, and adopted the acts of each other.

8. Defendants, and its agents herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

9. Plaintiff is informed and believes and thereon alleges that Defendants may have committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers these other acts and/or omissions.

10. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant employed and continues to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA").

11. Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against Defendant with the California Civil Rights Department on February 3, 2026 and received a "Right-to-Sue" notice.

### VENUE AND JURISDICTION

12. This Court has jurisdiction over this matter because Defendants conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Los Angeles because Plaintiff performed work for Defendants in the County of Los Angeles.

### FACTUAL ALLEGATIONS

13. AREVALO is a 20-year-old female and was a near two-year committed employee of

WALMART.

14. AREVALO began working for WALMART on or about January 23, 2024, and continued working at WALMART until her unlawful termination on or about December 22, 2025.

15. On information and belief, WALMART is a Delaware corporation that specializes in operating large markets offering a wide range of consumer goods.

16. At the time of her termination, AREVALO was a cashier at WALMART's 14530 Nordhoff Street, Panorama City, CA 91402 location. AREVALO's job duties included operating cash registers, handling payments, providing customer service, bagging and organizing items, following store policies, maintaining the checkout area, supporting the store's operations, accuracy and compliance, among other things.

17. AREVALO typically worked approximately eight (8) hours a day, four (4) days a week, for a total of approximately 32 hours per week.

18. On information and belief, AREVALO was earning approximately $18.75 per hour while working at WALMART.

19. At all relevant times, AREVALO was under the supervision of WALMART store manager CRUZ and team lead Genevieve [last name unknown] (hereinafter "GENEVIEVE").

20. Beginning on or about November 24, 2025, AREVALO began experiencing a persistent cough. AREVALO's cough progressively worsened, making it difficult for AREVALO to breathe, sleep, and carry out routine activities without significant discomfort.

21. On or about December 1, 2025, a day AREVALO was not scheduled to work, AREVALO went into her worksite at WALMART seeking help on how to navigate a potential medical leave in light of her declining health condition. AREVALO approached CRUZ, the store manager and one of her supervisors, requesting guidance and/or help and explaining her medical condition, but was largely dismissed by CRUZ. CRUZ responded negatively to AREVALO, appeared to not be care about AREVALO's condition, and was uninterested in assisting AREVALO. AREVALO was confused because CRUZ had never treated her in a negative manner prior this December 1, 2025 experience.

22. WALMART perceived AREVALO to be disabled on December 1, 2025, but did not engage in

- 4 -
COMPLAINT FOR DAMAGES

the interactive process with AREVALO to determine whether it would be possible to implement effective and reasonable accommodations for AREVALO.

23. On or about December 2, 2025, AREVALO attended her regularly scheduled work in her ill and declining health condition.  AREVALO again sought help from the store manager and her supervisor CRUZ on initiating a medical leave of absence, but CRUZ was again dismissive of AREVALO and largely ignored her.  AREVALO felt animosity from CRUZ, and she felt that CRUZ intentionally avoided AREVALO at work that day, knowing well of AREVALO's declining health condition and her need for help.

24. On or about December 5, 2025, due to her declining medical condition and severe symptoms, AREVALO was admitted to a hospital emergency department where she discovered that she was suffering from bacterial pneumonia.

25. AREVALO's physician prescribed AREVALO with three different medications and advised in a doctor's note that AREVALO was to take a medical leave of absence.

26. AREVALO communicated with GENEVIEVE regarding her (AREVALO's) situation at the hospital, after which GENEVIEVE instructed AREVALO to submit a leave of absence request to Walmart's leave of absence administrator, Sedgwick (hereinafter "SEDGWICK").

27. AREVALO promptly submitted a leave of absence request to SEDGWICK following GENEVIEVE's instruction. SEDGWICK approved AREVALO for continuous leave for her shifts on or about December 7, December 9, and December 10.

28. The following day, on or about December 6, 2025, AREVALO returned to the WALMART store to present the medical documentation pertaining to her emergency room visit, pneumonia diagnosis, and medical leave. AREVALO had contacted WALMART's Academy Trainer Elisa Castro (hereinafter "CASTRO") beforehand and showed CASTRO the documents, after which CASTRO acknowledged AREVALO's illness and expressed concern for AREVALO.

29. Upon arrival at the store on December 6, 2025, AREVALO requested to see CRUZ to show CRUZ the documentation and to seek guidance from CRUZ.  When AREVALO attempted to present her medical documentation to CRUZ, CRUZ refused to accept or review AREVALO's documents, was dismissive of the information regarding AREVALO's hospital visit, and began

- 5 -

COMPLAINT FOR DAMAGES

ignoring AREVALO.

30. Instead of providing assistance to AREVALO, CRUZ met AREVALO with animosity due to AREVALO's need to take off work given her severe illness.  CRUZ was dismissive of AREVALO and told her that he (CRUZ) does not wish to review her medical documentation or need for time off.  CRUZ appeared visibly irritated by hearing about AREVALO's disability/medical condition, and requests for accommodation(s) in the form of a medical/disability leave of absence.

31. AREVALO sought help and guidance from CRUZ, and instead was met with contempt and was dismissed by CRUZ.

32. Before December 2025, AREVALO was never treated negatively by CRUZ.  However, once CRUZ perceived AREVALO to be suffering from a disability in early December 2025, CRUZ immediately began treating AREVALO differently and singling AREVALO out due to her perceived disability. CRUZ later learned from AREVALO that AREVALO had bacterial pneumonia and required a medical/disability leave of absence to attend to her condition.  Due to AREVALO's disability and/or perceived disability, for the first time, CRUZ began treating AREVALO poorly, with contempt, and with disregard for AREVALO's well-being.

33. On or about December 8, 2025, AREVALO presented for further medical treatment and her medical provider advised that AREVALO needed three more days off work and that AREVALO would be expected to be able to return to work on approximately December 11, 2025.

34. On or about December 11, 2025, AREVALO continued to suffer from persisting episodes of vomiting, nosebleeds, coughing, and dizziness related to her bacterial pneumonia.

35. On or about December 16, 2025, AREVALO returned to work following her disability/medical condition and protected leave of absence(s).

36. On or about December 18, 2025, AREVALO received notification WALMART stating that WALMART was reviewing her (AREVALO's) medical documents and that AREVALO would not be scheduled for work until at least on or about January 2, 2026.

37. On or about December 22, 2025, AREVALO received a message from WALMART stating that

- 6 -
COMPLAINT FOR DAMAGES

her (AREVALO's) employment was terminated, without providing AREVALO a reason for her termination.

38. AREVALO was physically disabled due to bacterial pneumonia, a life-threatening condition that substantially limited her ability to breathe, work, and perform major life activities. Despite WALMART's awareness of AREVALO's disability, hospitalization, and need for accommodation, WALMART did not engage in the interactive process with AREVALO to determine whether it would be possible to implement effective and reasonable accommodations for AREVALO's disability. Instead, WALMART and CRUZ approached AREVALO's disability, need for accommodations, and disability/medical leave of absence with hostility and animosity and proceeded to coldly terminate AREVALO's employment.

39. On information and belief, WALMART's termination of AREVALO was for false and pretextual reasons. The timing of AREVALO's termination, just days after AREVALO returned to work following her disability/medical leave, reveals the discriminatory and retaliatory nature of AREVALO's termination. The real reason AREVALO, a nearly two-year committed employee of WALMART, was terminated was due to unlawful discrimination and retaliation based on AREVALO's disability, need for accommodations, and disability/medical leave of absence.

40. On information and belief, CRUZ played a significant influential role in WALMART's decision to terminate AREVALO.  CRUZ was aware of AREVALO's disability and displayed animosity and contempt towards AREVALO due to her disability, need for accommodations, and disability/medical leave.

41. On or about December 28, 2025, AREVALO arrived at the WALMART store to pick up her final paycheck and drop off her work equipment. On information and belief, WALMART refused to provide AREVALO her final paycheck because of AREVALO's refusal to sign the termination paperwork. On information and belief, to this date, AREVALO still has not received her final paycheck from WALMART.

42. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, AREVALO has suffered lost income, employment career opportunities, and has suffered and continues to suffer

other economic loss, in a sum according to proof at trial.

43. AREVALO is informed and believes and thereon alleges that Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and those actions were carried out by Defendants' managing agents and/or ratified by Defendants. AREVALO is therefore entitled to punitive damages in a sum to be determined at trial.

44. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, AREVALO has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**[California Government Code § 12940(a), et seq.]**

**(Plaintiff Against WALMART and Does 1-100)**

45. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

46. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code section 12940, *et seq.*, was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a disability (perceived or actual) and/or medical condition.

47. Defendant discriminated against Plaintiff on the basis of Plaintiff's disability (perceived or actual) and/or medical condition by terminating her employment because of her disability and/or medical condition. Plaintiff complained to WALMART that Plaintiff was unable to work due to bacterial pneumonia. Defendants were aware of her disability yet did nothing to accommodate her. Instead, Defendants coldly terminated her employment.

48. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

- 8 -

COMPLAINT FOR DAMAGES

49. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

50. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

51. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

## SECOND CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT HARASSMENT

### [California Government Code § 12940(j)]

### (Plaintiff Against All Defendants, Including Does 1-100)

52. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

53. At all times herein mentioned, FEHA, California Government Code section 12940, et seq., was in full force and effect and binding on Defendants. These sections require Defendants to refrain from harassing an employee on the basis of disability, medical condition, and/or other characteristic.

54. Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of Plaintiff's disability, medical condition, and/or other characteristic, in violation of California Government Code sections 12940(j) and 12923.

55. Defendants' conduct, as alleged, violated FEHA, and Defendants committed unlawful employment practices, including by taking adverse employment actions against Plaintiff, such as by discharging, demoting, removing responsibilities and/or otherwise discriminating against Plaintiff, in whole or in part on the bases of Plaintiff's disability, medical condition, and/or other protected characteristic, in violation of California Government Code section 12940(a).

- 9 -
COMPLAINT FOR DAMAGES

56. Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

57. Defendants, through their supervisors and employees, engaged in a continuing series of harassing acts that had a negative impact on the treatment of Plaintiff.

58. CRUZ, AREVALO's manager and the store manager of the WALMART location AREVALO worked at, met AREVALO with animosity due to AREVALO's need to take off work given her disability/medical condition. CRUZ was dismissive of AREVALO and told her that he (CRUZ) does not wish to review her medical documentation or need for time off. CRUZ appeared visibly irritated by hearing about AREVALO's disability/medical condition, and need for accommodation(s). CRUZ met AREVALO's disability and need for accommodation with hostility and contempt.

59. Before December 2025, AREVALO was never treated negatively by CRUZ. However, once CRUZ perceived AREVALO to be suffering from a disability in early December 2025, CRUZ immediately began treating AREVALO differently and singling AREVALO out due to her perceived disability. CRUZ later learned from AREVALO that AREVALO had bacterial pneumonia and required a medical/disability leave of absence to attend to her condition. Due to AREVALO's disability and/or perceived disability, for the first time, CRUZ began treating AREVALO poorly, with contempt, and with disregard for AREVALO's well-being.

60. On information and belief, CRUZ played a significant influential role in WALMART's decision to terminate AREVALO.

61. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

62. Plaintiff herself considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive. Plaintiff was a qualified employee who performed her job in an exemplary manner. Defendants subjected Plaintiff to harassing disability/medical condition-based conduct, which disturbed her emotional tranquility in the workplace, affected her ability

- 10 -

COMPLAINT FOR DAMAGES

to perform her jobs as usual, and interfered with and undermined her personal sense of well-being.

63. Plaintiff suffered psychologically, emotionally, and physically from being the victim of the harassment committed by Defendants, and also due to Defendants' failure to prevent such harassment from occurring. Defendants' employees are liable for creating a "hostile work environment" by subjecting Plaintiff to constant, severe, and pervasive harassment and intentional torts. WALMART is liable to Plaintiff for the conduct of their employees, managers, supervisors, and owners towards Plaintiff.

64. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

65. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

66. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### [California Government Code § 12940(n)]

#### (Plaintiff Against WALMART and Does 1-100)

67. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

68. Government Code § 12940 (n) requires an employer such as Defendants to engage in timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations by an employee with a known physical or mental disability or known mental condition.

- 11 -

COMPLAINT FOR DAMAGES

69. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine whether it would be possible to implement effective reasonable accommodations.

70. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

71. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

72. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

73. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### [California Government Code § 12940(m)]

### (Plaintiff Against WALMART and Does 1-100)

74. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

75. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

76. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent she

- 12 -

COMPLAINT FOR DAMAGES

needed them in violation of the applicable provisions of Government Code sections 12940, et seq.

77. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

78. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

79. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

80. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION**

**[California Government Code § 12940(k)]**

**(Plaintiff Against WALMART and Does 1-100)**

81. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

82. The FEHA requires employers to take all reasonable steps to prevent harassment, discrimination and retaliation including the institution by employer of policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

83. Defendants' policies, procedures and practices were inadequate for preventing, monitoring, remediating harassment, discrimination and retaliation. To the extent any such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained

COMPLAINT FOR DAMAGES

or made aware of those policies and procedures for the policies and procedures to prevent harassment, discrimination and retaliation from occurring. Once Defendants were made aware of harassment, discrimination and retaliatory conduct, and Plaintiff's protected class as reported by Plaintiff, they failed to take appropriate measures to prevent further harassment, discrimination and retaliation.

84. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

85. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

86. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

87. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

**SIXTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**[California Government Code § 12940(h), (m)]**

**(Plaintiff Against WALMART and Does 1-100)**

88. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

89. The FEHA requires employers to refrain from retaliating against Plaintiff for engaging in activities protected under the FEHA, including but not limited to, requesting and utilizing reasonable accommodations for a disability, taking a medical leave, requesting medical leave, and/or complaining about harassment.

- 14 -

COMPLAINT FOR DAMAGES

90. Defendant's conduct described above is in violation of various statutes of this state, including but not limited to, California Government Code section 12940(m). Plaintiff engaged in protected activities and was subsequently terminated for doing so.

91. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

92. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

93. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

94. Plaintiff is further entitled to recover reasonable attorneys' fees and costs pursuant to the provisions of Government Code sections 12940, *et seq.*

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY COMPENSATION DUE UPON SEPARATION

### [California Labor Code § 203]

### (Plaintiff Against WALMART and Does 1-100)

95. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

96. California Labor Code sections 201 and 202 require Defendants to pay all compensation due and owing to Plaintiffs immediately upon discharge or resignation or within seventy-two hours of termination of their employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

COMPLAINT FOR DAMAGES

97. Defendants failed to pay Plaintiff's final wages upon separation. On information and belief, such failure was knowing and willful. As a result, Defendants are liable to Plaintiff for waiting time penalties provided under Labor Code section 203.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Plaintiff Against WALMART and Does 1-100)

98. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

99. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the FEHA as described above.

100.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

101.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

102.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Against All Defendants, Including Does 1-100]

103.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all paragraphs set forth above and below, as though fully stated here.

- 16 -

COMPLAINT FOR DAMAGES

104. Plaintiff is informed and believes and thereon alleges that Defendants, by and through its principals, agents and employees conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The unlawful discrimination, retaliation, and conduct towards Plaintiff, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendants.

105. Through the outrageous conduct described above. Defendants acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

106. At all relevant times, Defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

107. Defendants have committed the acts alleged herein willfully, maliciously and oppressively with the wrongful intention of injuring Plaintiff.

108. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

109. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and was carried out by Defendants' managing agents and/or ratified by Defendants. This entitles Plaintiff to punitive damages against Defendants, in a sum to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general damages, including emotional distress damages, in excess of $500,000.00, or to otherwise be determined at trial;

(b) For special damages, in excess of $150,000.00, or to otherwise be determined at trial;

(c) For exemplary and punitive damages, in excess of $250,000.00, or to otherwise be determined

at trial;

(d) For reasonable attorneys' fees;

(e) For civil penalties as permitted by statute;

(f) For pre-judgment and post-judgment interest at the maximum legal rate;

(g) For a tax consequence adjustment or "gross up" award to compensate Plaintiff for her increased income tax responsibility following an award of compensatory damages;

(h) For costs of suit incurred;

(i) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

DATED: February 3, 2026                    **BERBERIAN LAW GROUP, PC**

By: _____

Christopher Berberian, Esq.
Attorney for Plaintiff,
Cielo Arevalo

- 18 -
COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 3, 2026

Christopher Berberian
3500 West Olive Avenue, Suite 300
Burbank, CA 91505

RE:    **Notice to Complainant's Attorney**
         CRD Matter Number: 202602-33410603
         Right to Sue: AREVALO / WALMART INC. et al.

Dear Christopher Berberian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 3, 2026

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202602-33410603
      Right to Sue: AREVALO / WALMART INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 3, 2026

CIELO AREVALO

,

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202602-33410603
        Right to Sue: AREVALO / WALMART INC. et al.

Dear CIELO AREVALO:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 3, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file
your complaint with a local government agency that enforces employment anti-
discrimination laws if one exists in your area that is authorized to accept your
complaint. If you decide to file with a local agency, you must file before the
deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your
complaint with a local agency does not prevent you from also filing a lawsuit in
court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
Civil Rights Department
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

CIELO AREVALO                                          CRD No. 202602-33410603

Complainant,

vs.

WALMART INC.

,

CHRISTOPHER CRUZ

,

Respondents

_____

1. Respondent **WALMART INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.Complainant is naming **CHRISTOPHER CRUZ** individual as Co-Respondent(s).

3. Complainant **CIELO AREVALO**, resides in the City of , State of .

4. Complainant alleges that on or about **December 22, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric).

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied accommodation for a disability.

-1-
*Complaint – CRD No. 202602-33410603*

Date Filed: February 3, 2026

CRD-ENF 80 RS (Revised 2025/11)

**Additional Complaint Details:** 13.   AREVALO is a 20-year-old female and was a near two-year committed employee of WALMART.

14.     AREVALO began working for WALMART on or about January 23, 2024, and continued working at WALMART until her unlawful termination on or about December 22, 2025.

15.     On information and belief, WALMART is a Delaware corporation that specializes in operating large markets offering a wide range of consumer goods.

16.     At the time of her termination, AREVALO was a cashier at WALMART's 14530 Nordhoff Street, Panorama City, CA 91402 location. AREVALO's job duties included operating cash registers, handling payments, providing customer service, bagging and organizing items, following store policies, maintaining the checkout area, supporting the store's operations, accuracy and compliance, among other things.

17.     AREVALO typically worked approximately eight (8) hours a day, four (4) days a week, for a total of approximately 32 hours per week.

18.     On information and belief, AREVALO was earning approximately $18.75 per hour while working at WALMART.

19.     At all relevant times, AREVALO was under the supervision of WALMART store manager CRUZ and team lead Genevieve [last name unknown] (hereinafter "GENEVIEVE").

20.     Beginning on or about November 24, 2025, AREVALO began experiencing a persistent cough. AREVALO's cough progressively worsened, making it difficult for AREVALO to breathe, sleep, and carry out routine activities without significant discomfort.

21.     On or about December 1, 2025, a day AREVALO was not scheduled to work, AREVALO went into her worksite at WALMART seeking help on how to navigate a potential medical leave in light of her declining health condition.  AREVALO approached CRUZ, the store manager and one of her supervisors, requesting guidance and/or help and explaining her medical condition, but was largely dismissed by CRUZ.  CRUZ responded negatively to AREVALO, appeared to not be care about AREVALO's condition, and was uninterested in assisting AREVALO.  AREVALO was confused because CRUZ had never treated her in a negative manner prior this December 1, 2025 experience.

22.     WALMART perceived AREVALO to be disabled on December 1, 2025, but did not engage in the interactive process with AREVALO to determine whether it would be possible to implement effective and reasonable accommodations for AREVALO.

23.     On or about December 2, 2025, AREVALO attended her regularly scheduled work in her ill and declining health condition.  AREVALO again sought help from the store manager and her supervisor CRUZ on initiating a medical leave of absence, but CRUZ was again dismissive of AREVALO and largely ignored her.  AREVALO felt animosity from CRUZ, and she felt that CRUZ intentionally avoided AREVALO at work that day, knowing well of AREVALO's declining health condition and her need for help.

24.     On or about December 5, 2025, due to her declining medical condition and severe symptoms, AREVALO was admitted to a hospital emergency department where she discovered that she was suffering from bacterial pneumonia.

25.     AREVALO's physician prescribed AREVALO with three different medications and advised in a doctor's note that AREVALO was to take a medical leave of absence.

26.     AREVALO communicated with GENEVIEVE regarding her (AREVALO's) situation at the hospital, after which GENEVIEVE instructed AREVALO to submit a leave of absence request to Walmart's leave of absence administrator, Sedgwick (hereinafter "SEDGWICK").

-2-

Complaint – CRD No. 202602-33410603

Date Filed: February 3, 2026

CRD-ENF 80 RS (Revised 2025/11)

27.    AREVALO promptly submitted a leave of absence request to SEDGWICK following GENEVIEVE's instruction. SEDGWICK approved AREVALO for continuous leave for her shifts on or about December 7, December 9, and December 10.

28.    The following day, on or about December 6, 2025, AREVALO returned to the WALMART store to present the medical documentation pertaining to her emergency room visit, pneumonia diagnosis, and medical leave. AREVALO had contacted WALMART's Academy Trainer Elisa Castro (hereinafter "CASTRO") beforehand and showed CASTRO the documents, after which CASTRO acknowledged AREVALO's illness and expressed concern for AREVALO.

29.    Upon arrival at the store on December 6, 2025, AREVALO requested to see CRUZ to show CRUZ the documentation and to seek guidance from CRUZ.  When AREVALO attempted to present her medical documentation to CRUZ, CRUZ refused to accept or review AREVALO's documents, was dismissive of the information regarding AREVALO's hospital visit, and began ignoring AREVALO.

30.    Instead of providing assistance to AREVALO, CRUZ met AREVALO with animosity due to AREVALO's need to take off work given her severe illness.  CRUZ was dismissive of AREVALO and told her that he (CRUZ) does not wish to review her medical documentation or need for time off.  CRUZ appeared visibly irritated by hearing about AREVALO's disability/medical condition, and requests for accommodation(s) in the form of a medical/disability leave of absence.

31.    AREVALO sought help and guidance from CRUZ, and instead was met with contempt and was dismissed by CRUZ.

32.    Before December 2025, AREVALO was never treated negatively by CRUZ. However, once CRUZ perceived AREVALO to be suffering from a disability in early December 2025, CRUZ immediately began treating AREVALO differently and singling AREVALO out due to her perceived disability. CRUZ later learned from AREVALO that AREVALO had bacterial pneumonia and required a medical/disability leave of absence to attend to her condition.  Due to AREVALO's disability and/or perceived disability, for the first time, CRUZ began treating AREVALO poorly, with contempt, and with disregard for AREVALO's well-being.

33.    On or about December 8, 2025, AREVALO presented for further medical treatment and her medical provider advised that AREVALO needed three more days off work and that AREVALO would be expected to be able to return to work on approximately December 11, 2025.

34.    On or about December 11, 2025, AREVALO continued to suffer from persisting episodes of vomiting, nosebleeds, coughing, and dizziness related to her bacterial pneumonia.

35.    On or about December 16, 2025, AREVALO returned to work following her disability/medical condition and protected leave of absence(s).

36.    On or about December 18, 2025, AREVALO received notification WALMART stating that WALMART was reviewing her (AREVALO's) medical documents and that AREVALO would not be scheduled for work until at least on or about January 2, 2026.

37.    On or about December 22, 2025, AREVALO received a message from WALMART stating that her (AREVALO's) employment was terminated, without providing AREVALO a reason for her termination.

-3-
Complaint – CRD No. 202602-33410603

Date Filed: February 3, 2026

CRD-ENF 80 RS (Revised 2025/11)

38.     AREVALO was physically disabled due to bacterial pneumonia, a life-threatening condition that substantially limited her ability to breathe, work, and perform major life activities. Despite WALMART's awareness of AREVALO's disability, hospitalization, and need for accommodation, WALMART did not engage in the interactive process with AREVALO to determine whether it would be possible to implement effective and reasonable accommodations for AREVALO's disability. Instead, WALMART and CRUZ approached AREVALO's disability, need for accommodations, and disability/medical leave of absence with hostility and animosity and proceeded to coldly terminate AREVALO's employment.

39.     On information and belief, WALMART's termination of AREVALO was for false and pretextual reasons. The timing of AREVALO's termination, just days after AREVALO returned to work following her disability/medical leave, reveals the discriminatory and retaliatory nature of AREVALO's termination. The real reason AREVALO, a nearly two-year committed employee of WALMART, was terminated was due to unlawful discrimination and retaliation based on AREVALO's disability, need for accommodations, and disability/medical leave of absence.

40.     On information and belief, CRUZ played a significant influential role in WALMART's decision to terminate AREVALO.  CRUZ was aware of AREVALO's disability and displayed animosity and contempt towards AREVALO due to her disability, need for accommodations, and disability/medical leave.

41.     On or about December 28, 2025, AREVALO arrived at the WALMART store to pick up her final paycheck and drop off her work equipment. On information and belief, WALMART refused to provide AREVALO her final paycheck because of AREVALO's refusal to sign the termination paperwork. On information and belief, to this date, AREVALO still has not received her final paycheck from WALMART.

42.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, AREVALO has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in a sum according to proof at trial.

43.     AREVALO is informed and believes and thereon alleges that Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and those actions were carried out by Defendants' managing agents and/or ratified by Defendants. AREVALO is therefore entitled to punitive damages in a sum to be determined at trial.

44.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, AREVALO has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, in a sum according to proof at trial.

-4-
Complaint – CRD No. 202602-33410603

Date Filed: February 3, 2026

VERIFICATION

I, **Christopher Berberian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On February 3, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Burbank, California**

*Complaint – CRD No. 202602-33410603*

Date Filed: February 3, 2026

CRD-ENF 80 RS (Revised 2025/11)



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit* https://dcba.lacounty.gov/countywidedrp.

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/03/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____S. Ruiz_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV03497 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Lia Martin | 3 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on ___02/03/2026___          By S. Ruiz _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.