JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIELO AREVALO,

               Plaintiff,

      v.

WALMART INC., a Delaware Corporation; CHRISTOPHER CRUZ, an individual; and DOES 1 through 100, inclusive,

               Defendants.

Case No. 2:26-cv-02432-SPG-AS

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 8]**

Before the Court is the Motion to Remand, (ECF No. 8 ("Motion")), filed by Plaintiff Cielo Arevalo ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.     BACKGROUND

The following allegations are taken from Plaintiff's Complaint. (ECF No. 1-1 ("Complaint")). Plaintiff was employed as a cashier by Defendant Walmart, Inc. ("Walmart") from approximately January 23, 2024, until December 22, 2025. (*Id.* ¶ 14).

-1-

Throughout her employment, Plaintiff was under the supervision of Walmart store manager Christopher Cruz ("Cruz" or, together with Walmart, "Defendants").  (*Id.* ¶ 19).

Beginning on November 24, 2025, Plaintiff began experiencing a persistent cough that progressively worsened, making it difficult for her to breathe, sleep, or carry out routine activities.  (*Id.* ¶ 20).  On December 1, 2025, Plaintiff approached Cruz seeking advice on how to navigate potential medical leave. (*Id.* ¶ 21).  Cruz responded negatively to Plaintiff's questions and appeared uninterested in assisting Plaintiff.  (*Id.*).  The following day, Plaintiff attended her regularly scheduled work and again approached Cruz for assistance in initiating a medical leave of absence, but Cruz again dismissed and largely ignored her.  (*Id.* ¶ 23).  Plaintiff states that she felt animosity from Cruz, and that Cruz intentionally avoided her at work that day.  (*Id.*).

On December 5, 2025, Plaintiff was admitted to a hospital emergency room for treatment, where she was diagnosed with bacterial pneumonia.  (*Id.* ¶ 24).  Plaintiff spoke with another supervisor, who advised her how to submit a leave of absence request.  (*Id.* ¶ 26).  On December 6, 2025, Plaintiff went to her worksite to present her leave of absence request to Cruz and to seek guidance.  (*Id.* ¶ 29).  However, when Plaintiff attempted to present her medical documentation to Cruz, he refused to accept or review the documents, dismissed the information about Plaintiff's hospital visit, and began ignoring Plaintiff. (*Id.*).  Cruz appeared visibly irritated by hearing about Plaintiff's medical condition and requests for accommodation.  (*Id.* ¶ 30).  Plaintiff states that she had never been treated negatively by Cruz before her illness, but that he began singling her out after she informed him of her illness.  (*Id.* ¶ 32).

Plaintiff returned to work on December 16, 2025, following her medical leave.  (*Id.* ¶ 35). On December 18, 2025, Walmart notified Plaintiff that it was reviewing her medical documents, and that she would not be scheduled for work until at least January 2, 2026. (*Id.* ¶ 36).  On December 22, 2025, Walmart sent Plaintiff a message stating that her employment was terminated, without providing any reason.  (*Id.* ¶ 37).  Plaintiff alleges on

information and belief that Cruz played a significant role in Walmart's decision to terminate Plaintiff. (*Id.* ¶ 40).

Plaintiff initiated this action in Los Angeles County Superior Court on February 3, 2026. (*Id.* at 12). Against Walmart, Plaintiff asserts state law claims of disability discrimination, harassment, failure to engage in the interactive process, failure to accommodate, failure to prevent harassment, retaliation, failure to pay final wages, wrongful termination, and intentional infliction of emotional distress ("IIED"). (*Id.* at 19-28). Against Cruz, Plaintiff asserts only the harassment and IIED claims. (*Id.*). Among other forms of relief, Plaintiff seeks damages of $900,000. (*Id.* at 28).

Defendants answered Plaintiff's Complaint on March 4, 2026. (ECF No. 1-2). On March 6, 2026, Defendants removed the case to this Court. (ECF No. 1). Plaintiff filed the instant Motion on April 6, 2026, seeking to remand the case for lack of complete diversity jurisdiction. (Mot.). Defendants filed an opposition on April 28, 2026, arguing that Cruz was fraudulently joined, and that diversity jurisdiction otherwise exists. (ECF No. 10 ("Opposition")). Plaintiff did not file a reply in support of the Motion.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the

-3-

right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III.   DISCUSSION

The parties agree to the basic jurisdictional facts of this case, including that the amount in controversy exceeds $75,000, that Plaintiff and Walmart are of diverse citizenship, and that Cruz is a citizen of California whose presence in this action would defeat diversity jurisdiction. Thus, the sole disputed issue in the Motion is whether Cruz is properly named as a defendant or has been fraudulently joined.

Under the doctrine of fraudulent joinder, "courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 548. A defendant may establish fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). Under the latter approach, a removing defendant must show not only that the plaintiff has failed to state a claim but also that the "failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). As part of this inquiry, courts must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted).

Defendants contend that Plaintiff cannot possibly recover against Cruz for either of her claims. On the harassment claim, Defendants argue that all of the acts allegedly

performed by Cruz qualify as personnel management activities, which cannot form the basis for a harassment claim. (Opp. at 4). Defendants also argue that the Complaint alleges only omissions, not affirmative actions, which cannot form the basis for a harassment claim. (*Id.* at 5). On the IIED claim, Defendants argue that the allegations constitute only ordinary personnel management actions and cannot, as a matter of law, rise to the level of extreme and outrageous conduct required to establish liability. (*Id.* at 6).

The Court agrees that the Complaint as pleaded does not state a claim for harassment against Cruz. California law distinguishes between harassment claims, which may be brought against individual employees, and discrimination claims, which may be brought only against the employer. *See Reno v. Baird*, 18 Cal. 4th 640, 645 (1998). Discrimination claims relate to "the performance of necessary personnel management duties," while harassment claims are limited to "conduct outside the scope of necessary job performance." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). Thus, "commonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment." *Id.* at 64-65. Here, the allegations in the Complaint relate primarily to Cruz's performance of his personnel management duties. Plaintiff alleges that Cruz failed to provide guidance about medical leave, ignored her requests for assistance, refused to accept her medical documents, and eventually played a significant role in Walmart's decision to terminate Plaintiff. (Compl. ¶¶ 21, 23, 29, 40). Because these allegations all relate to Cruz's performance, or non-performance, of his managerial duties relating to medical leave and firing, these allegations, by themselves, cannot state a harassment claim against Cruz.

However, the fact that the Complaint likely does not state a claim under Rule 12(b)(6) does not mean that Cruz has been fraudulently joined. Defendants have identified only factual inadequacies in the pleadings, not any per se bar that would prohibit Plaintiff from successfully bringing a harassment claim. For fraudulent joinder, the relevant question is whether Plaintiff could possibly state a claim against Cruz—that is, whether Plaintiff would be "afforded leave to amend [her] complaint to cure the purported

deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotation marks, citation, and brackets omitted); *see also Grancare, LLC*, 889 F.3d at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Applying this standard, the Court finds that Plaintiff could potentially state a harassment claim against Cruz and would very likely be granted leave to amend to do so. While the Complaint is pleaded in a general manner, it implies that Cruz engaged in certain actions outside the scope of his managerial duties that could support a harassment claim. This includes the allegations that Cruz intentionally avoided and ignored Plaintiff at work, that he acted dismissively towards Plaintiff on multiple occasions, that he was visibly irritated and acted with animosity towards Plaintiff, and that he singled her out due to her perceived disability. (Compl. ¶¶ 23, 29, 30, 32). While these allegations are not pleaded with the requisite specificity to state a claim for harassment, they suggest that Cruz did more than simply exercise his discretion as a managerial employee. In an amended complaint, Plaintiff could supplement these allegations with specific examples of the statements and actions taken by Cruz on which these allegations are based. Thus, Plaintiff could potentially state a harassment claim by pleading additional facts consistent with those pleaded in the Complaint. *See Conservatorship of Kayle*, 134 Cal. App. 4th 1, 8 (2005) ("Where a complaint is insufficient, or would be demurrable, the court must allow leave to amend unless the facts alleged show no possibility of relief under any legal theory.").

Moreover, while the majority of the allegations involve managerial activities, the California Supreme Court has clarified that "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message," and may therefore "form the basis of a harassment claim." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708-09 (2009). "This occurs when the actions establish a widespread pattern of bias." *Id.* at 709. Additionally, "acts of discrimination can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination." *Id.*

Thus, Plaintiff's allegations of discrimination in personnel management could also support a finding that Cruz engaged in harassment, even if they do not directly state such a claim.

Finally, as the California Legislature recently clarified, even a "single incident of harassing conduct" can be sufficient to create a triable issue for a harassment claim. Cal. Gov't Code § 12923(b), (e); *see also Bailey v. S.F. Dist. Attorney's Off.*, 16 Cal. 5th 611, 629 (2024). Such claims require a fact-specific examination of "the totality of the circumstances" and are "rarely appropriate for disposition on summary judgment." Cal. Gov't Code § 12923(c), (e). Given this new, permissive standard, *see Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 880 (2023), a California court could likely grant Plaintiff leave to amend to state a claim against Cruz.

Because nothing in the Complaint forecloses Plaintiff from stating a claim against Cruz, and because it appears that Plaintiff could potentially state such a claim by pleading additional facts consistent with the Complaint, the Court concludes that Cruz has not been fraudulently joined. Accordingly, this Court lacks jurisdiction over Plaintiff's claims. However, as to Plaintiff's request for attorney's fees, given the lack of specific allegations of non-managerial harassment by Cruz, the Court finds that Defendants had an "objectively reasonable basis for removal," such that attorney's fees are not warranted. *See Martin v Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.  This action is REMANDED to the Los Angeles County Superior Court for further proceedings, and this case is closed.

**IT IS SO ORDERED.**

DATED:  June 25, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE